**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| | (Subchapter V) |
| **PINE COSMETIC INC.,** | Case No. 1-26-43461-ess |
| *d/b/a PINE BEAUTY MALL, et al.,* | Judge Elizabeth S. Stong |
| Debtor. | |

------------------------------------------------------------x

**VERIFIED STATEMENT OF JOHN C. KIM**
**IN SUPPORT OF APPLICATION TO EMPLOY AND RETAIN COUNSEL**

I, John C. Kim, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am the principal of The Law Office of John C. Kim, P.C. (the "Firm"), proposed counsel to Pine Cosmetic Inc. (the "Debtor"). I submit this verified statement pursuant to Bankruptcy Rule 2014 and E.D.N.Y. LBR 2014-1 in support of the Debtor's application to employ the Firm. The facts stated herein are based upon my personal knowledge and the Firm's records.

**QUALIFICATIONS AND EXPERIENCE**

2. I am admitted to practice in the State of New York and before this Court. I have practiced bankruptcy law since 2005 and have substantial experience in bankruptcy, debtor-creditor matters, and related litigation. My practice includes Chapter 7 and Chapter 13 matters and representation of debtor and creditors in Chapter 11 and Subchapter V cases, including larger reorganization cases.

3. I am familiar with bankruptcy practice in this District and with the Debtor's business, financial affairs, and restructuring needs. The Firm's size permits direct attorney involvement and cost control appropriate to this case. I will direct the Firm's representation of

the Debtor.

## CONNECTIONS AND DISINTERESTEDNESS

4. The Firm's client in this engagement is Pine Cosmetic Inc. Kyung Hee Kang acts in a representative capacity as the Debtor's principal. Neither I nor the Firm has any other past or present professional relationship with the Debtor or its principal.

5. I confirm that, except for this engagement, neither I nor the Firm has any connection with the Debtor, its creditors, other parties in interest, their respective attorneys and accountants, the United States Trustee or its personnel, or the Subchapter V trustee. I have disclosed all connections known to me and will supplement this statement if any additional connection is discovered.

6. Neither I nor the Firm holds or represents an interest adverse to the estate. The Firm is disinterested within the meaning of 11 U.S.C. § 101(14), taking account of §§ 1107(b) and 1195. To the extent the $6,740 in recorded prepetition fees constitutes an unpaid claim, it is less than $10,000 and does not, by itself, disqualify the Firm under § 1195.

## SERVICES AND COMPENSATION

7. Before the July 17, 2026 petition filing, the Firm advised the Debtor concerning restructuring and Chapter 11, reviewed financial and creditor information, and prepared and filed the petition and related papers. Since filing, the Firm has continued to assist with schedules, financial disclosures, cash collateral, reporting, and hearings. The Firm's records reflect $6,740 in prepetition fees.

8. Pine Cosmetic Inc. paid the Firm $5,000 by check on June 4, 2026 and $10,000 by wire on July 17, 2026, before the petition was filed. The total retainer of $15,000 includes the $1,738 filing fee. No third party has guaranteed the Firm's fees, and there is no separate

security arrangement for its fees.

9. The proposed allocation of the retainer is $6,740 for prepetition fees, $1,738 for the filing fee, and $6,522 as the remaining advance. The allocation remains subject to determination and review under 11 U.S.C. § 329. The Firm will preserve $13,262 pending determination of the allocation and will apply funds to postpetition fees and expenses only after Court approval. No allowance or payment of fees is requested in the retention application.

10. The Firm's current hourly rates are $600 for my services, $400 for associate or of counsel attorneys, and $200 for paralegal services, plus actual and necessary expenses at cost. Future compensation is payable by the Debtor and remains subject to separate application, notice, and Court approval, applicable fee guidelines, and cash-collateral restrictions. The Bankruptcy Code, Bankruptcy Rules, and Court orders control over any inconsistent engagement term.

11. The Firm has not agreed to share compensation with anyone outside the Firm.

## TIMING AND CONTINUING DISCLOSURE

12. The delay in filing this application resulted from an oversight. I respectfully request approval effective as of July 17, 2026, or such later date as the Court determines appropriate. Compensation for services rendered before entry of the retention order remains subject to separate determination.

13. I understand that the disclosure obligation under Bankruptcy Rule 2014 is continuing. I will promptly supplement these disclosures as required and take appropriate action if an actual conflict arises.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: Brooklyn, New York
October 12, 2026

THE LAW OFFICE OF JOHN C. KIM, P.C.
Proposed Counsel to the Debtor/
Debtor-in-Possession

By: */s/ JOHN C. KIM*______________
John C. Kim, Esq.
50 Court Street, Suite 708
Brooklyn, New York 11201
Tel.: (718) 539-1100
Email: john@jcklaw.com