**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

--------------------------------------------------------------x

| | |
|---|---|
| In re:<br><br>**PINE COSMETIC INC.,**<br>*d/b/a PINE BEAUTY MALL, et al.,*<br><br>Debtor. | Chapter 11<br>(Subchapter V)<br>Case No. 1-26-43461-ess<br>Judge Elizabeth S. Stong |

--------------------------------------------------------------x

**ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF THE LAW OFFICE OF JOHN C. KIM, P.C. AS COUNSEL TO THE DEBTOR AND DEBTOR-IN-POSSESSION**

Upon the application dated October 12, 2026 (the "Application") of Pine Cosmetic Inc. (the "Debtor"), the debtor and debtor-in-possession in this Chapter 11 Subchapter V case, for authority to employ and retain The Law Office of John C. Kim, P.C. (the "Firm") as general bankruptcy counsel; and upon the verified statement of John C. Kim; and the Court having jurisdiction to consider the Application; and due and sufficient notice having been given; and the Court finding that the Firm satisfies the requirements for employment under 11 U.S.C. § 327(a), taking account of §§ 1107(b) and 1195; and the relief granted herein being in the best interests of the Debtor and its estate; it is hereby ORDERED, that:

~~1. The Application is granted to the extent set forth in this Order.~~

2. Pursuant to 11 U.S.C. §§ 327(a), 1107(a), and 1184, the Debtor is authorized to employ and retain the Firm as general bankruptcy counsel to the Debtor and debtor-in-possession, effective as of July 17, 2026.

3. The Firm is authorized to perform the services described in the Application and to represent the Debtor in all aspects of this case consistent with E.D.N.Y. LBR 2090-2. If an actual conflict arises concerning a discrete matter, the Debtor may seek authority to employ conflicts or special counsel.

4. Compensation and reimbursement require separate application, notice, and Court approval under 11 U.S.C. §§ 330 and 331, Bankruptcy Rule 2016, E.D.N.Y. LBR 2016-1, and applicable fee guidelines. This Order allows no fees or expenses and does not preapprove any compensation arrangement under 11 U.S.C. § 328(a).

5. The proposed allocation of the retainer, review of prepetition compensation under 11 U.S.C. § 329, and compensation for services rendered before entry of this Order are reserved for separate determination. Funds may be applied to postpetition fees and expenses only after Court approval.

6. The Firm shall promptly supplement its disclosures as required by Bankruptcy Rule 2014. Before any rate increase, the Firm shall file a supplemental declaration explaining the increase and the Debtor's consent and give at least ten business days' notice to the Debtor, United States Trustee, Subchapter V trustee, and any official committee. All rates remain subject to review.

7. The rights of the United States Trustee, the Subchapter V trustee, the Debtor, creditors, and other parties in interest to object to compensation or reimbursement are preserved. This Order controls over inconsistent engagement terms.

8. The Court retains jurisdiction to hear and determine matters arising from the implementation or interpretation of this Order.

**NO OBJECTION:**
**WILLIAM K. HARRINGTON**
**UNITED STATES TRUSTEE, REGION 2**

By: */s/Nazar Khodorovsky, Esq.*
Dated: November 16, 2026
New York, New York

(Page intentionally left blank)

**Dated: Brooklyn, New York**
**November 17, 2026**

Elizabeth S. Stong
United States Bankruptcy Judge